UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------- x
                                                    :

IN RE:                                        :          MEMORANDUM DECISION
                                                    :                     AND ORDER
TERRORIST ATTACKS ON             :
SEPTEMBER 11, 2001                 :           03 MDL 1570 (GBD) (SN)
                                                    :
------------------------------------- x

This document relates to:

    *Ashton et al. v. al Qaeda Islamic Army, et al.*, 1:02-cv-6977 (GBD)(SN)
    *Bauer et al. v. al Qaeda Islamic Army, et al.*, 1:02-cv-7236 (GBD)(SN)
    *Burlingame v. Bin Laden, et al.*, 1:02-cv-7230 (GBD)(SN)
    *Cheryl Rivelli, et al. v. Islamic Republic of Iran*, 1:18-cv-11878 (GBD)(SN)

GEORGE B. DANIELS, United States District Judge:

Certain *Ashton*, *Bauer*, *Burlingame*, and *Riverlli* Plaintiffs moved for partial final default judgment against Defendant Islamic Republic of Iran ("Iran") on behalf of Plaintiff victims of the September 11, 2001 terrorist attacks (the "9/11 Attacks"). (Mot., ECF Nos. 4718, 5402, 5407, 5420, 5428.)[1] Magistrate Judge Sarah Netburn issued Reports and Recommendations ("Reports") on December 19, 2019 and January 21, 2020, recommending that this Court: 1) grant solatium damages to certain Plaintiffs as set forth in the exhibits therein and 2) deny solatium claims sought by Alexandria Catalano, Julian Perez, Mariano D'Alessandro, Aaron Pagan, and Maxwell Sivin. (Reports, ECF Nos. 5387 at 8, 5071 at 10.) This Court issued Memorandum Decision and Order on February 14, 2020, adopting Magistrate Judge Netburn's Reports pertaining to Plaintiffs who were awarded solatium damages as set forth therein. (Mem. Decision and Order, ECF No. 5950).

---

[1] Unless otherwise indicated, all ECF citations included herein refer to documents filed on the 9/11 multidistrict litigation docket. *See In re Terrorist Attacks on September 11, 2001*, No. 03-md-1570 (GBD)(SN).

1

The Clerk of the Court issued Judgments granting solatium damages to those Plaintiffs who were awarded solatium damages. (ECF Nos. 5965, 5974.)

Four *Ashton* Plaintiffs, Julian Perez, Mariano D'Alessandro, Aaron Pagan, and Maxwell Sivin,[2] who are not immediate family members to 9/11 Attacks victims ("Non-Immediate Family Members") objected to the portions of the Reports recommending denial of solatium claims by Non-Immediate Family Members.[3] (Objs. ("Objections"), ECF No. 6123.) This Court undertakes a *de novo* review of those portions of the Report. Having done so, this Court ADOPTS the Report.

## I. LEGAL STANDARDS

A court "may accept, reject, or modify, in whole or in part, the findings or recommendations" set forth in a magistrate judge's report. 28 U.S.C. § 636(b)(1)(C). The court must review *de novo* the portions of a magistrate judge's report to which a party properly objects. *Id.* However, the district court need not conduct a *de novo* hearing on the matter. *See United States v. Raddatz*, 447 U.S. 667, 675–76 (1980). Instead, it is sufficient that the district court "arrive at its own, independent conclusion." *Nelson v. Smith*, 618 F. Supp. 1186, 1189–90 (S.D.N.Y. 1985) (citation omitted).

Portions of a magistrate judge's report to which no or "merely perfunctory" objections are made are reviewed for clear error. *See Edwards v. Fischer*, 414 F. Supp. 2d 34, 346–47 (S.D.N.Y. 2006) (citations omitted). Clear error is present only when "upon review of the entire record, [the

---

[2] Plaintiff Alexandria Catalano is a non-immediate family member, but does not object to Magistrate Judge Netburn's Report and Recommendation, recommending the denial of her solatium claims. (ECF. No. 5387.)

[3] Certain *Ashton* Plaintiffs requested extensions till March 17, 2020 to file objections (Letters, ECF Nos. 5717, 5880), and the Objections are dated March 9, 2020.

2

court is] left with the definite and firm conviction that a mistake has been committed." *United States v. Snow*, 462 F.3d 55, 72 (2d Cir. 2006) (citation and internal quotation marks omitted).

## II. NON-IMMEDIATE FAMILY MEMBERS ARE NOT FUNCTIONAL EQUIVALENT

A long-established framework exists for solatium damages awarded to immediate family members of those who perished in the 9/11 Attacks. (*See* Mem. Decision and Order, ECF No. 2623.) Where appropriate, the Court has extended solatium damages to people who are found to be the "functional equivalents" of immediate family members. The application of the functional equivalent doctrine in this multi-district litigation has been set out in several Reports and Recommendations and Memorandum Decisions and Orders, notably *Hoglan II* (Report and Recommendation, ECF No. 3363, *adopted by* Mem. Decision and Order, ECF No. 3384) and *Hoglan IV* (Report and Recommendation, ECF No. 3676, *adopted by* Mem. Decision and Order, ECF No. 3795.)[4] As the Court has stated, the functional equivalent doctrine is meant to be a narrow exception that applies to a few limited circumstances. (Order, ECF No. 3795 at 4.) For each of the Non-Immediate Family Members here, Magistrate Judge Netburn correctly determined that they failed to demonstrate functional equivalence of an immediate family relationship. (Reports, ECF Nos. 5387 at 3–7, 5701 at 8–9.)

### A. Julian Perez

Julian Perez is the nephew of 9/11 Decedent Marlyn Carmen Garcia, who played a significant role in Perez's upbringing. (Objs., ECF No. 6123 at 4–5.) It includes, as Magistrate Judge Netburn also recognizes in her Report, caregiving, supervising, preparing his meals, and purchasing clothes and food for him. (Report, ECF No. 5387 at 5–6.) Garcia declared Perez as a

---

[4] This Court has applied this framework on numerous occasions. (*See, e.g.,* ECF Nos. 4175, 5154, 5387, 5483, 5950, 5951, 8286, 8288, 8289 8293, 8947, and 9557.)

dependent on her income tax returns in 2000 and intended to begin the legal process of adopting Perez. (*Id*. at 6.) Nonetheless, these facts do not satisfy the standard laid out in *Hoglan IV* and *Bettis v. Islamic Republic of Iran*, 315 F.3d 325, 337 (D.C. Cir. 2003), which reviews case law on this issue and allows for recovery when the non-immediate family member "either *resided in the same household* with the victim or were *legal guardians* to recover for negligent infliction of emotional distress." Plaintiffs admit that Garcia was not a legal guardian to Perez because the adoption process was not completed. (Decl., ECF No. 4719–2, Ex. B–5 at ¶ 7). Even though Garcia might have resided in the same household with Perez at Perez's grandparents' home (*Id*. at ¶¶ 3, 7; Objs., ECF No. 6123 at 5), there is no evidence showing "permanent abandonment [of Perez] by both parents," a requirement to recognize Perez as the functional equivalent of Garcia's child. (*Hoglan IV*, ECF No. 3676 at 10, 17–18.)

Plaintiffs argue that *de facto*, Perez was a child to Garcia and Garcia a parent to Perez. (Objs., ECF No. 6123 at 5.) However, because the Court adopts the reasoning in *Hoglan IV* and requires the biological parents to be entirely out of the child's life, Perez's relationship with Garcia is not the functional equivalent of a child-parent relationship. Therefore, the Court agrees with Magistrate Judge Netburn and denies Perez's claim.

### B. Mariano D'Alessandro

Mariano D'Alessandro is the nephew of 9/11 Decedent Rocco Gargano. (Objs., ECF No. 6123 at 5.) Gargano provided emotional and financial support to D'Alessandro and moved in with D'Alessandro and his mother since D'Alessandro's biological father was incarcerated. (Decl., ECF No. 4719–2, Ex. B–2 at ¶¶ 2,3). This close bond started when D'Alessandro was six years old and lasted till Gargano's death from the 9/11 Attacks when D'Alessandro was 15 years old. (Mot., No. 4718.) Because D'Alessandro cannot show that both of his parents were entirely out

4

of his life or that Gargano fulfilled the entirety of the parental role, the Court will not recognize D'Alessandro to be the functional equivalent of a child as to Gargano. (*Hoglan IV*, ECF No. 3676 at 10.)

### C. Aaron Pagan

Aaron Pagan is the nephew of 9/11 decedent Angela Rosario. (Decl., ECF No. 4719–2, Ex. B–4 at ¶ 1). Rosario lived in the same household with Pagan, Pagan's mother and grandparents since Pagan was born. (*Id*. at ¶ 2.) Rosario provided financial support and stepped in as a second parent to Pagan, while Pagan's biological father was absent from his life. (*Id*. at ¶ 3.) For the same reason stated above, because Pagan cannot show that both of his parents were entirely out of his life, the law does not allow the Court to recognize Pagan as the functional equivalent of a child as to Rosario.

### D. Maxwell Sivin

Maxwell Sivin is the stepson of 9/11 decedent Joel Miller. (Objs., ECF No. 6123 at 7.) Sivin's biological father died when he was 15 years old. (*Id*.) Miller lived with Sivin and his mother from when Sivin was 17 years old till Miller died from the 9/11 Attacks when Sivin was 22 years old. (*Id*. at 7–8.) Sivin's claim for solatium damages does not meet the requirement set out in *Hoglan IV*, that step-relatives must demonstrate that they cohabited with the decedent for at least two years prior to the date the claimants turned 18 years old. (*Hoglan IV*, ECF No. 3676 at 13.) Therefore, the Court will deny Sivin's claim for solatium damages.

In their objections, Plaintiffs relate the fact that Siven's younger brother, Justin Sivin was awarded solatium damages because Justin Sivin was two years younger than Maxwell Sivin and therefore able to meet the two-year threshold period required in *Hoglan IV*. (Objs., ECF No. 6123 at 7–8.) Plaintiffs argue that such a difference is arbitrary and irrational. (*Id*.) However, as

Magistrate Netburn explained in *Hoglan IV*, in order for stepparents to be deemed fully functional equivalent to biological parents, it is important that they become family when the stepchildren were in their early childhood. (*Hoglan IV*, ECF No. 3676 at 13.) The presumptive two-year period for cohabitation stems from the same rationale. Again, courts would find non-immediate family member to be the functional equivalents of immediate family members only in rare cases. *Est. of Heiser v. Islamic Republic of Iran*, 659 F. Supp. 2d 20, 29 (D.D.C. 2009). The requirement that the stepchildren must have lived at least two years with their stepparents before they become adult is not arbitrary or irrational.

## III. CONCLUSION

The motions for partial default judgment brought by Non-Immediate Family Members are DENIED. Plaintiffs may submit future applications for punitive or other damages at a later date consistent with any future rulings of this Court.

The Clerk of the Court is directed to close the motions at:

- ECF No. 6123 in 03-md-1570
- ECF No. 1298 in 02-cv-6977.

Dated: May 29, 2025
New York, New York

SO ORDERED

*George B. Daniels*
GEORGE B. DANIELS
United States District Judge