**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------X

IN RE:                                                              **03 MDL 1570 (GBD) (SN)**

TERRORIST ATTACKS ON                          **PARTIAL DEFAULT JUDGMENT**
SEPTEMBER 11, 2001

------------------------------------------------------------X

This document relates to:

*Ashton v. Al Qaeda Islamic Army, No. 02-cv-06977 (GBD) (SN)*

*Burnett v. Islamic Republic of Iran, No. 15-cv-09903 (GBD) (SN)*

*Don Kim v. Islamic Republic of Iran, No, 18-cv-11870 (GBD) (SN)*

*Rivelli v. Islamic Republic of Iran, No. 18-cv-11878 (GBD) (SN)*

*Johnson v. Islamic Republic of Iran, No. 18-cv-12344 (GBD) (SN)*

*Chairnoff v. Islamic Republic of Iran, No, 18-cv-12370 (GBD) (SN)*

*Bodner v. Islamic Republic of Iran, No. 19-cv-11776 (GBD) (SN)*

*Accardi v. Islamic Republic of Iran, No. 21-cv-06247 (GBD) (SN)*

*King v. Islamic Republic of Iran, No. 22-cv-05193 (GBD) (SN)*

*Kone v. Islamic Republic a/Iran, No. 23-cv-05790 (GBD) (SN)*

*Kelly v. Islamic Republic of Iran, No. 23-cv-07283 (GBD) (SN)*

*Jelnek v. Islamic Republic of Iran, No. 24-cv-05520 (GBD) (SN)*

*Lum v. Islamic Republic of Iran, No. 24-cv-07824 (GBD) (SN)*

It is, **ORDERED, ADJUDGED AND DECREED:** That for the reasons stated in the Court's Memorandum Decision and Order dated May 28, 2026, Magistrate Judge Netburn's Report is ADOPTED in its entirety. Plaintiffs' motions for partial default judgment against the Iran Defendants are GRANTED. Upon consideration of the evidence and arguments submitted by the Plaintiffs identified in Exhibits A, B, C, and D to this Order, together with the entire record in this case, it is hereby

ORDERED that service of process in the above-captioned matters was properly effected on the Iran Defendants in accordance with 28 U.S.C. § 1608(a); and it is further

ORDERED that this Court has personal and subject matter jurisdiction over the Iran Defendants for the instant claims; and it is further ORDERED that this Court has entered a default judgment on liability against the Iran Defendants5 for all of the instant claims; and it is further

ORDERED that partial default judgments are entered against the Iran Defendants on behalf of the Plaintiffs listed in Exhibit A, and the Plaintiffs are awarded pain and suffering damages as requested in ECF No. 12010-3; and it is further

ORDERED that partial default judgments are entered against the Iran Defendants on behalf of the Plaintiffs listed in Exhibit B, and the Plaintiffs are awarded economic damages as requested in ECF No. 11885-2; and it is further

ORDERED that partial default judgments are entered against the Iran Defendants on behalf of the Estate of Moshe Lederer, the Estate of Gaetano Borello, and Alfred Retundie, Jr., who are awarded pain and suffering damages as listed Exhibit C, and it is further ORDERED that partial default judgments are entered against the Iran Defendants on behalf of the immediate family members listed in Exhibit D, and the Plaintiffs are awarded solatium damages as requested in ECF Nos. 11885-3, 11909-2, 12010-2, 12031-2; and it is further

ORDERED that partial default judgments are entered against the Iran Defendants on behalf of the "functionally equivalent" immediate family members Francesca Jerez-DeVito, Joshua McMiller, and Melinda Monk as listed in Exhibit D, and the Plaintiffs are awarded solatium damages for their functionally equivalent family relationships as listed in Exhibit D; and it is further ORDERED that the Plaintiffs identified in the attached Exhibits A, C, and D are awarded prejudgment interest of 4.96 percent per annum, compounded annually, for the period from September 11, 2001, until the date of judgment; and it is further ORDERED that the Plaintiffs identified in the attached Exhibit B are awarded prejudgment interest of 4.96 percent per annum, compounded annually, for the period from the "Date of Rep01i" listed in Exhibit B until the date of the judgment; and it is further

ORDERED that all Plaintiffs other than the Plaintiffs who request final judgments from the Comi pursuant to Rule 54(b) (the "FJ Plaintiffs"), may submit applications for punitive damages, or other damages (to the extent such awards have not previously been ordered and such damages were not sought in this motion), at a later date

consistent with any future rulings made by this Court on this issue.

As to the FJ Plaintiffs seeking final judgment from the Court, who are noted in the attached Exhibits A, B, and D, it is further ORDERED that: This Court DENIES without prejudice the FJ Plaintiffs' outstanding requests for additional damages related to their FSIA § 1605A claims.

This Court STAYS the deadline for the FJ Plaintiffs to move for relief from final judgment until further order of the Court. See Fed. R. Civ. P. 60(b).

Pursuant to Rule 54(b), the Court expressly determines that there is no just reason for delay and certifies each of the FJ Plaintiffs' default judgments as final judgments on all of the Plaintiffs' claims against the Iran Defendants. Pursuant to 28 U.S.C. § 1963, and upon the entry of the FJ Plaintiffs' final judgments, the Court finds good cause for the immediate registration in the E.D.N.Y. of certified copies of these judgments.

**Dated:**  New York, New York

June 1, 2026

**TAMMI M. HELLWIG**

---

**Clerk of Court**

*K. mango*

**BY:**

---

**Deputy Clerk**